JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          11 CIV 4863

------------------------------------x
U.S. ENVIRONMENTAL UNIVERSAL SERVICES, INC.,          COMPLAINT

            Plaintiff,

            Docket No.:

    -against-                                       JUL 14 2011

HARTFORD INSURANCE COMPANY OF THE MIDWEST,      U.S.D.C. S.D.N.Y.
                                                    CASHIERS
            Defendant.
------------------------------------x

        Plaintiff, U.S. Environmental Universal Services, Inc. ("USEUS"), by its attorneys, WILSON & CHAN, LLP, as and for its Verified Complaint against the Defendant, Hartford Insurance Company of the Midwest (the "Hartford"), alleges upon information and belief as follows:

## NATURE OF CLAIMS

1. Plaintiff seeks declaration by this Court that:

    (a) The Hartford is obligated under the policy of insurance issued to Siwa Contractors ("Siwa") to provide insurance coverage for property damage sustained by USEUS in a fire caused by Siwa that occurred at the United State Post Office ("USPS"), located at 55 Mansion Street, Poughkeepsie, New York, 12601 on October 22, 2008 (the "Occurrence");

    (b) Concerning the rights and obligations of the parties, USEUS and the Hartford, under a written policy of commercial general liability insurance between the Hartford and Siwa; and

    (c) The Hartford is obligated to pay USEUS any and all legal fees and/or expenses heretofore and/or hereafter incurred as a reasonably foreseeable consequence of the Hartford's wrongful refusal to provide USEUS insurance coverage for the property damage arising out of the Occurrence.

## THE PARTIES AND JURISDICTION

2. At all times hereinafter mentioned, USEUS was incorporated pursuant to the laws of the State of New Jersey and is a domestic corporation that maintains its principal place of business at 365 River Drive, Garfield, New Jersey 07026.

3. At all times relevant hereto, the Hartford was and is a domestic corporation duly organized and existing under and by virtue of the laws of one or more States of the United States and doing business in the State of New York.

4. At all times relevant hereto, the Hartford was and is a foreign corporation duly organized and existing under and by virtue of the laws of one or more States of the United States and doing business in the State of New York.

5. At all times relevant hereto, the Hartford was and is duly licensed by the Insurance Department of the State of New York and was and is in the business of conducting insurance business in the State of New York.

6. This Court has personal jurisdiction over Defendant, the Hartford, because at all relevant times hereafter mentioned, the Hartford engaged in the business of insurance in the State of New York and maintains its place of business at Hartford Plaza, Hartford, Connecticut 06115.

7. Federal jurisdiction is based on 28 U.S.C. § 1332.

8. At all times relevant, the Hartford's activity in the Southern District of New York would be sufficient to subject it to personal jurisdiction if that District were a separate State. Venue in this Court is based on 28 U.S.C. § 1391(a)(2) and/or §1391(c).

## THE UNDERLYING CLAIM

9. On or about June 4, 2008, Siwa Contractors, as subcontractor, entered into a construction agreement with USEUS, as contractor, for a project located at USPS Poughkeepsie Station, 55 Mansion Street, Poughkeepsie, New York 12601.

10. On or about August 13, 2008, the Hartford, in consideration of the premiums Siwa paid, issued a general liability insurance policy bearing policy number 13SBAFM5636 with an effective policy period of August 13, 2008 to August 13, 2009 (the "Hartford Policy").

11. The incident leading to this litigation occurred at a construction project on the site of the United State Post Office, located at 55 Mansion Street, Poughkeepsie, New York, 12601 whereas Plaintiff was the contractor and Siwa was a subcontractor for the USPS.

12. On October 22, 2008, a fire occurred at the USPS (the "Occurrence") and according to fire reports, although the fire was ruled accidental, some type of error by Siwa, the subcontractor, led to the cause of the fire.

13. The Occurrence caused significant property damage to both USEUS and the USPS.

14. Following the Occurrence, USEUS performed substantial construction work to repair the property damage at USPS as a result of the Occurrence.

15. After the damage occurred arising out of the Occurrence, Plaintiff complied with all of the condition precedent requirements of it in the Hartford Policy.

16. On November 21, 2008, Plaintiff provided the Hartford notice of the Occurrence and demanded insurance coverage of the property damage to both USEUS and the USPS and for USEUS's work to repair the property damage at USPS as a result of the Occurrence.

17. The Hartford subsequently failed to provide coverage to Plaintiff under the Hartford Policy.

18. That pursuant to the Hartford Policy, the Hartford has a duty to provide insurance coverage for USEUS for the property damages caused by its insured, Siwa, for the Occurrence.

19. Pursuant to the Hartford Policy, USEUS is entitled to insurance coverage for the property damages as a result of the Occurrence.

20. That the Hartford has refused to acknowledge its obligation to provide insurance coverage to USEUS.

21. That by reason thereof, USEUS has been deprived of the insurance coverage with respect to the Occurrence, by reason of which USEUS has sustained damages, and will continue to sustain damages, should that fall within the scope or limits of the Hartford Policy.

22. That USEUS has no adequate remedy at law.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(For Breach of the Implied Covenant of Good Faith and
Fair Dealing Failure to Provide Insurance Coverage)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" above as though fully set forth herein.

24. The Hartford owed Plaintiff a duty of good faith and fair dealing arising out of various contracts, Certificates of Insurance, and agreements with respect to certain insurance policies.

25. A covenant of good faith and fair dealing is implied by law in all contracts.

26. The Hartford breached the implied covenant of good faith and fair dealing by:

4

(a) Unreasonably refusing to immediately provide Plaintiff insurance coverage after receipt of claim thereof and repeated communications from Plaintiff to the Hartford;

(b) Failing to conduct a reasonable investigation and unreasonably withholding monetary payment for the damage sustained by Plaintiff as a result of the Occurrence; and

(c) Failing to provide Plaintiff with any reasonable or justifiable basis for the decision to deny and/or delay insurance coverage to Plaintiff for the Occurrence.

27. The officers, directors and managing agents and employees of the Hartford participated in, authorized and/or ratified the wrongful conduct and pattern of conduct of the Hartford as alleged above.

28. As a direct and proximate result of the Hartford's breach of the convenant of good faith and fair dealing, Plaintiff has incurred substantial attorneys' fees and costs, experts' fees and costs, costs and other expenses in repair, loss adjustment, mitigation, investigation and settlement and other costs and expenses in excess of this Court's jurisdictional limits. As a direct and proximate result of the breaches by the Hartford of its implied duty of good faith and fair dealing, Plaintiff has incurred attorneys' fees and costs, experts' fees and costs and other costs and expenses in bringing this action, in an amount in an excess of this Court's jurisdictional limits.

### AS AND FOR A SECOND CAUSE OF ACTION
(Declaratory Judgment as Against the Hartford)

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" above as though fully set forth herein.

30. The Hartford, without cause and despite a clear obligation to provide insurance coverage, failed and refused to provide insurance coverage to Plaintiff for the Occurrence.

31. By virtue of the foregoing, Plaintiff is entitled to a judgment declaring that the disclaimer of coverage under the Hartford Policy and its endorsements and extensions was improper and that the Hartford is obligated, under the Hartford Policy and its endorsements and extensions, to provide insurance coverage to Plaintiff with respect to the property damages Plaintiff sustained as a result of the Occurrence.

WHEREFORE, U.S. Environmental Universal Services, Inc. demands judgment against the Defendant, the Hartford, as follows:

(a) A declaration that the Defendant is obligated to provide insurance coverage for the damages sustained by Plaintiff arising out of the incident on October 22, 2008 up to the aggregate limits of Policy No. 13SBAFM5636;

(b) The disclaimer of insurance coverage for USEUS made by Defendant the Hartford was improper;

(c) The rights and obligations of the parties, USEUS and the Hartford, under a written contract – a policy of insurance;

(d) The Hartford is obligated to pay USEUS any and all legal fees and/or expenses heretofore and/or hereafter incurred as a reasonably foreseeable consequence of the Hartford's wrongful refusal to provide USEUS insurance coverage for the property damage arising out of the Occurrence; and

(e) For such other and further relief as the court may deem just and proper, including costs and disbursements as allowed by law.

Dated: New York, New York
      July 14, 2011

                              WILSON & CHAN, LLP

By: _____
     Henry C. Chan, Esq. (HCC-1818)
     Attorneys for Plaintiff
     U.S. Environmental Universal Services, Inc.
     1375 Broadway, 3rd Floor
     New York, New York 10018
     (646) 278-6730
     Our File No.: 00151.00006

TO:

Hartford Insurance Company of the Midwest
Hartford Plaza
Hartford, Connecticut 06115