UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
U.S. ENVIRONMENTAL UNIVERSAL SERVICES, INC.,

                Plaintiff,

     -against-

SIWA CONTRACTORS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMENDED COMPLAINT

Civil Action No.: 11-CV-4863

**JURY TRIAL DEMANDED**

Plaintiff, U.S. Environmental Universal Services, Inc. ("USEUS"), by its attorneys, WILSON & CHAN, LLP, as and for its Amended Complaint against the Defendant, Siwa Contractors ("Siwa"), alleges upon information and belief as follows:

NATURE OF ACTION

1.  The nature of the herein action is twofold: (1) property and other damages sustained by USEUS in a fire caused by Siwa that occurred at the United State Post Office ("USPS"), located at 55 Mansion Street, Poughkeepsie, New York, 12601 on October 22, 2008; and (2) the discriminatory actions of Siwa whereas USEUS has been injured by the discriminatory actions of Siwa on a federal construction project.  Siwa's actions, clearly designed to impede USEUS's work for the USPS, were motivated by racial animus toward USEUS and its Hispanic founder and owner.  USEUS therefore brings this action for violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981).

THE PARTIES

2.  At all times hereinafter mentioned, USEUS was incorporated pursuant to the laws of the State of New Jersey and is a domestic corporation that maintains its principal place of business at 365 River Drive, Garfield, New Jersey 07026.

3.    At all times relevant hereto, Defendant Siwa is a large New Jersey corporation, organized and existing under the laws of the State of New Jersey, with its principal place of business at 160 Hazel Street, Ste. 1, Clifton, New Jersey 07011.

## JURISDICTION

4.    As a part of this action is also brought under 42 U.S.C. § 1981, jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331, 1343, and 1367.

## UNDERLYING CLAIM

Fire Damages

5.    The incident leading to this litigation occurred at a construction project on the site of the United State Post Office, located at 55 Mansion Street, Poughkeepsie, New York, 12601 whereas Plaintiff was the contractor and Siwa was a subcontractor.

6.    On or about June 4, 2008, Siwa, as subcontractor, entered into a construction agreement with USEUS (the "Subcontract"), as contractor, for a project located at USPS Poughkeepsie Station, 55 Mansion Street, Poughkeepsie, New York 12601 (the "Project").

7.    The Subcontract provided that Siwa would provide certain lead abatement work, abatement of all paint, and preparation of all abated services, etc., to USEUS for the Project.

8.    On October 22, 2008, a fire occurred at the USPS (the "Occurrence") and according to fire reports, although the fire was ruled accidental, some type of error by Siwa, the subcontractor, led to the cause of the fire.

9.    The Occurrence caused significant property damage to both USEUS and the USPS.

10.   Following the Occurrence, USEUS performed substantial construction work to repair the property damage at USPS as a result of the Occurrence.

Discriminatory Actions of Siwa

11.     Throughout the Project, Mr. Walter Lopez's (President of Siwa) attitude toward USEUS manifested itself both through racists comments and through Siwa's efforts to undermine USEUS's performance of its obligations under its contract with USPS and to blame USEUS for Siwa's own failures.

12.     For example, Siwa personnel repeatedly commented to USUSE personnel that reflected racial animus.

13.     Moreover, Siwa personnel commonly referred to Hispanics and USEUS personnel with racial animus.

**FIRST CLAIM**
(NEGLIGENCE AGAINST SIWA)

14.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" above as though fully set forth in this claim.

15.     On or about June 4, 2008, Siwa, as subcontractor, entered into a construction agreement with USEUS (the "Subcontract"), as contractor, for a project located at USPS Poughkeepsie Station, 55 Mansion Street, Poughkeepsie, New York 12601 (the "Project").

16.     The Subcontract provided that Siwa would provide certain lead abatement work, abatement of all paint, and preparation of all abated services, etc. (the "Work"), to USEUS for the Project.

17.     On October 22, 2008, a fire occurred at the USPS (the "Occurrence") and according to fire reports, although the fire was ruled accidental, some type of error by Siwa, the subcontractor, led to the cause of the fire.

18.     Siwa owed USEUS a duty of care common in the construction industry to perform its Work at the Project.

19. Siwa breached its duty of care that it owed USEUS resulting in the Occurrence that was caused through the fault of Siwa causing significant damages to USEUS.

20. Upon information and belief, Siwa's negligent acts in causing the fire at the Project resulted in damages to be determined at trial but believed to be in excess of $200,000.00.

## SECOND CLAIM
(BREACH OF CONTRACT AGAINST SIWA)

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" above as though fully set forth in this claim.

22. On or about June 4, 2008, Siwa, as subcontractor, entered into a construction agreement with USEUS (the "Subcontract"), as contractor, for a project located at USPS Poughkeepsie Station, 55 Mansion Street, Poughkeepsie, New York 12601 (the "Project").

23. The Subcontract provided that Siwa would provide certain lead abatement work, abatement of all paint, and preparation of all abated services, etc. (the "Work"), to USEUS for the Project.

24. On October 22, 2008, a fire occurred at the USPS (the "Occurrence") and according to fire reports, although the fire was ruled accidental, some type of error by Siwa, the subcontractor, led to the cause of the fire.

25. Siwa breached the Subcontract with USEUS resulting in the Occurrence that was caused through the fault of Siwa that caused significant damages to USEUS.

26. Upon information and belief, Siwa's breach of contract in causing the fire at the Project resulted in damages to be determined at trial but believed to be in excess of $200,000.00.

## THIRD CLAIM
(VIOLATIONS OF 42 U.S.C. § 1981 AGAINST SIWA)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" above as though fully set forth in this claim.

28. Siwa's purported reasons for impeding its business relationship with USEUS is pretextual and cover for Siwa's discriminatory practices against persons of Hispanic descent and origin and companies affiliated with persons of Hispanic descent and origin.

29. As part of its racially discriminatory intent and practices, and despite knowing of USEUS's interest, willingness and ability to perform under the terms of the Subcontract and Prime Contract, Siwa repeatedly blamed USEUS for events beyond its control.

30. As a further part of its racially discriminatory intent and practices, and despite knowing of USEUS's interest, willingness and ability to perform under the terms of the Subcontract and Prime Contract, Siwa repeated hindered USEUS's performance of its contractual obligations.

31. Siwa has engaged in the acts and conduct herein complained of intentionally, maliciously, and in wanton and reckless disregard for the rights of USEUS.

32. As a direct and proximate cause of the wrongful acts, conduct and omissions of Siwa, USEUS has suffered and sustained damages, continues to suffer damages, and will in the future suffer and sustained damages, in amounts to be proven at trial, including damages for past and future loss profit and/or earnings and consequential and incidental damages.

33. By creating, condoning, and perpetuating said discrimination, Siwa has intentionally and with reckless indifference violated the Civil Rights Act of 1866, 42 U.S.C. § 1981.[1]

---

[1] See Worldwide Network Services, LLC v. Dyncorp International, LLC, No. 08-2166 (4th Cir., Feb. 12, 2010) (affirming the claim for discrimination against a minority-owned corporate subcontractor by a corporate prime contractor on a federal contract under 42 U.S.C. § 1981).

34. Siwa's wrongful acts, conduct and omissions were willful and wanton and done with a reckless disregard for USEUS's rights, thereby entitling USEUS to an award of exemplary or punitive damages, in an amount to be proven at trial.

**WHEREFORE**, plaintiff prays for:

(a) Damages in an amount to be proven at trial and believed to be in excess of $200,000.00;

(b) Declare that Siwa's actions, as alleged herein, violate 42 U.S.C. § 1981;

(c) Award exemplary and punitive damages in an amount to be proven at trial;

(d) Costs of suit incurred herein;

(e) Reasonable attorneys' fees; and

(f) Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all Counts.

Dated: New York, New York
December 14, 2011

        WILSON & CHAN, LLP
By: ___/s/_____
Henry C. Chan, Esq. (HCC-1818)
Attorneys for Plaintiff
U.S. Environmental Universal Services, Inc.
1375 Broadway, 3rd Floor
New York, New York 10018
(646) 278-6730
Our File No.: 00151.00006